**\*E-FILED 10/23/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT SALYER, | NO. C 05-3562 JW (RS) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |
| v. | |
| SALYER AMERICAN FRESH FOODS, ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Defendant Salyer American Fresh Foods ("SAFF") moves to compel further responses to document requests, interrogatories, and requests for admission from plaintiff Scott Salyer ("Salyer"). The motion was heard on October 11, 2006. Based on the parties' briefing, the argument of counsel, and the record herein, the motion will be granted in part and denied in part.

## II. BACKGROUND

Salyer is a part owner of his family's business, SAFF. Disputes arose between the owners as to the management and operations of SAFF and there has been prior litigation relating to those disputes in Monterey County Superior Court. Salyer brought this action after his employment with SAFF ended, alleging wrongful termination in retaliation for complaining that SAFF employee Tom Welch engaged in acts of sexual harassment.

III.  DISCUSSION

A. Document Requests

**Request No. 2**

This request seeks documents relating to an investigation of Tom Welch. SAFF believes that there exists an "investigator's report" that plaintiff has neither produced nor listed on a privilege log.[1] SAFF further contends that any claim of privilege or work product protection has been waived because, it asserts, the report was shown to an individual named Mark Grewal, and, moreover, the work product protection can otherwise be overcome by a showing of necessity. At the hearing, Salyer conceded that the existing response and the opposition brief did not adequately address these points. Salyer offered to provide a further declaration under oath clarifying and establishing that no further responsive documents exist. Salyer shall do so.

**Request No. 3**

This request seeks a report that was prepared by Deloitte & Touche at the request of Salyer's former litigation counsel, which is being withheld as privileged and as work product. SAFF contends privilege and work product protection has been waived, because Mark Grewal made certain statements at SAFF board meetings that arguably imply he had previously been shown the report. Grewal has responded with a declaration that he has never seen the report, and explaining his comments at the board meetings as referring only to data that may (or may not) underlie the report. While SAFF argues that Grewal's declaration is not credible, the record as a whole does not support the conclusion that privilege or work product protection has been waived. No further response to this request will be required.

**Request 4**

This request seeks all documents supporting Salyer's damage claims. Salyer asserts that he has not calculated all his damages yet and will need expert analysis to do so. He contends, however, that the only responsive documents that presently exist have been produced and or consist of SAFF's own financial records. At the hearing, Salyer agreed to serve an amended response identifying with

---

[1] At the hearing, SAFF argued that the request remains in dispute as to "all documents," not just the investigator's report.

2

specificity the particular documents on which he will rely to support his damages claims.  He shall do so.

**Requests 12 & 13**

This request seeks all documents supporting Salyer's claims that his termination was pretextual and retaliatory.   Salyer contends all documents have been produced. At the hearing, Salyer agreed to serve an amended response identifying with specificity the particular documents on which he will rely to support these specific contentions.  He shall do so.

B.  Interrogatories

**Interrogatory No. 1**

This interrogatory calls for Salyer to disclose all buy-out offers he made to other SAFF shareholders.  Although the relevance is tenuous, Salyer shall serve an amended response listing any such offers made prior to the date on which the action in Monterey County Superior Court was filed.

**Interrogatory No. 2**

This interrogatory asks for the number of times Salyer voted to approve prepayment of vendor expenses.  Salyer's response was that he cannot recall.   The response contains additional *argument* as to why Salyer views his votes to approve those expenses as not legally significant.  SAFF's disagreement with those contentions, however, is not a basis for compelling a further response.  Salyer cannot be compelled to remember what he has stated he does not recall.  Although Salyer could, in theory, be compelled to review the corporate records of SAFF and tally the number of times he voted in that manner, SAFF has offered no reason why Salyer is in a better position to do so than SAFF itself.  Nevertheless, at the hearing, Salyer agreed to serve an amended response identifying with specificity the particular documents in which further responsive information can be found.  He shall do so.

**Interrogatory Nos.  5, 9, 10, 11, 12, 16 & 21**

These interrogatories all seek information regarding the nature and extent of the sexual harassment alleged by Salyer, including such details as the identity of  the victims, and what actions Salyer took in response.  Salyer's answers fully and completely explain his theory of what constituted the harassment and what evidence he has thereof.  SAFF's arguments that the responses

3

are insufficient are nothing more than a quarrel on the *merits*. Among other things, SAFF cites investigative reports that found no harassment by Welch, and argues that Salyer's responses do not constitute sufficient evidence to prove otherwise. While SAFF's belief that Salyer's evidence is legally insufficient may be a basis to seek summary judgment or to believe that it will prevail at trial, it is not a reason to compel further responses. No such responses to these interrogatories, therefore, will be required.

**Interrogatory No. 17**

This interrogatory requests Salyer to identify specific documents he contends were deleted from SAFF computers, based on an investigation performed in March of 2005. At the hearing, Salyer agreed to serve an amended response identifying with specificity what documents he presently believes were deleted. He shall do so.

C. Requests for Admission

Salyer denied virtually all of the requests for admission propounded to him. Although his responses contain additional argument and explanation of his contentions, the responses are not unclear or evasive. As discussed at the hearing, SAFF's belief that Salyer should have admitted the matters at issue in light of SAFF's view of the facts and evidence is not a basis to require Salyer to serve amended responses. If SAFF's view of the facts is correct, its remedy will be to apply for recovery of its reasonable expenses incurred in proving the matters, pursuant to Fed. R. Civ. P. 37 (c) (2).

IV. CONCLUSION

The motion is granted to the extent set forth above, and is otherwise denied. All further responses required by this order shall be served within 20 days of this date.

IT IS SO ORDERED.

Dated: October 23, 2006

RICHARD SEEBORG
United States Magistrate Judge

C 05-3562 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Rebecca Connolly     Rebecca.Connolly@grunskylaw.com, Alice.Wilkerson@grunskylaw.com

Philip D. Dracht     pdracht@foleybezek.com, ijung@foleybezek.com

Thomas G. Foley , Jr     tfoley@foleybezek.com, smulder@foleybezek.com

Joy A. Jaeger     jjaeger@gordonrees.com

Brian Maschler     bmaschler@gordonrees.com

Andrew H. Swartz     ahswartz@aol.com, marstond@ssklaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/23/06**                                             **Chambers of Judge Richard Seeborg**

                                                                **By:      /s/   BAK**

C 05-3562 JW (RS)

5